IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SIMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE, LLC dba DITECH COMP., et al.,<br><br>    Defendants. | Case No. 18-cv-02111-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 8 |

Before the Court is defendants Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "defendants") Motion to Dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and filed April 13, 2018.[1] Plaintiff Michelle L. Simpson has filled opposition, to which defendants have replied. Having read and considered the papers filed in support of and opposition to the motion, the Court rules as follows.[2]

## BACKGROUND[3]

On April 25, 2007, Ruben J. Simpson and Pauline J. Simpson ("the Simpsons")

---

[1] On June 7, 2018, the above-titled action was reassigned to the undersigned.

[2] By order filed June 19, 2018, the Court took the motion under submission.

[3] The following facts are taken from the Complaint and exhibits attached thereto.

1    executed a Promissory Note in order to purchase a house located in Seaside, California
2    ("the Property"). (See Compl. Ex. C at 2.) The Promissory Note was secured by a Deed
3    of Trust, which was recorded on May 31, 2007, and lists the Simpsons as borrowers,
4    GMAC Mortgage Corporation, LLC ("GMAC") as lender, Executive Trustee Services, Inc.
5    as trustee, and MERS as "beneficiary" and "nominee for [GMAC] and [GMAC's]
6    successors and assigns." (See id. at 1-2.) On May 23, 2013, MERS assigned the Deed
7    of Trust to Ditech. (See Compl. ¶ 17 & Ex. D (Corporate Assignment of Deed of Trust).)[4]

8    On July 29, 2014, and prior to their death, the Simpsons "granted interest" in the
9    Property to plaintiff, their daughter, as a joint tenant. (See id. ¶ 18; see also id. Ex. E
10   (Grant Deed).)[5] "On or about November 16, 2017," a "Notice of Default and Election to
11   Sell under Deed of Trust" was recorded. (See id. ¶ 19 & Ex. F.)

12   According to plaintiff, the Property, "[a]t all relevant times, . . . has been [her]
13   primary residence" (see id. ¶ 2), and defendants did not provide her with notices and
14   opportunities to which, she alleges, she was entitled under the California Homeowner Bill
15   or Rights ("HBOR") and the Deed of Trust.

16   Based on the above, plaintiff asserts claims under four provisions of HBOR,
17   specifically, California Civil Code §§ 2923.5, 2920.7, 2923.7, and 2924.12, as well as
18   claims for breach of contract, breach of the implied covenant of good faith and fair
19   dealing, negligence, and violation of California Business and Professions Code § 17200,
20   et seq. ("UCL").

21   By the instant motion, defendants move to dismiss all claims alleged in the
22   Complaint.
23   //
24

---

[4] The Complaint also makes reference to two deeds of trust recorded prior to 2007. As defendants point out, and plaintiff has not disagreed, the claims in the Complaint relate solely to the 2007 loan and deed of trust.

[5] Although plaintiff alleges her parents are deceased, the Complaint contains no allegation concerning the date of any such event.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

As noted, defendants move to dismiss the Complaint in its entirety. The Court addresses in turn each Cause of Action alleged therein.

**A. California Civil Code Section 2923.5 (First Cause of Action)**

Pursuant to § 2923.5, a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" may not record a notice of default until thirty days after "initial contact" with "the borrower" to "explore options . . . to avoid foreclosure," or, if no such contact is

3

made, thirty days after sufficient effort to do so, as defined therein, has been made. See Cal. Civ. Code 2923.5(a)(2), (e). Pursuant to § 2924.12, borrowers are provided remedies for "material violations" of § 2923.5, see id. § 2924.12, and, pursuant to § 2920.7, "successors in interest" are provided "the same rights and remedies as a borrower under . . . [section] 2924.12," see id. § 2920.7(e)(1).

In the instant case, plaintiff does not allege she is a "borrower" under HBOR; rather, she contends she is a "successor in interest." (See e.g., Compl. ¶ 42 (alleging "[p]laintiff is deemed to be the successor in interest of [the Property]").) Under HBOR, a "successor in interest" is:

> [A] natural person who provides the mortgage servicer with notification of the death of the mortgagor or trustor and reasonable documentation showing that the person is the . . . joint tenant as evidenced by grant deed, [or] . . . adult child . . . of the deceased borrower, who occupied the property as his or her principal residence within the last six continuous months prior to the deceased borrower's death and who currently resides in the property.

See Cal. Civ. Code § 2920.7(i)(4); see also id. § 2920.7(i)(1), (3) (setting forth documents sufficient to constitute "[n]otification of the death of the mortgagor or trustor"; listing documents qualifying as "[r]easonable documentation").

Here, defendants argue, the Complaint lacks sufficient facts to support plaintiff's allegation that she is a "successor in interest." As set forth below, the Court agrees.

First, plaintiff's allegation that, "[a]t all relevant times, the [Property] has been [her] primary residence" (see Compl. ¶ 2), is, in essence, a legal conclusion. See Iqbal, 556 U.S. at 678 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted); see also Twombly, 550 U.S. at 555 (holding "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"). Second, the Complaint lacks sufficient facts to support a finding that, prior to the recording of the notice of default, plaintiff informed defendants she was a successor in interest, let alone that she provided defendants with the documentation required to qualify as such under HBOR. (See Compl. ¶¶ 21-22 (alleging plaintiff "informed the [d]efendants that her parents were

4

1  deceased" and made "attempts to show she was a [s]uccessor in [i]nterest").)

2  Accordingly, plaintiff's First Cause of Action is subject to dismissal, and plaintiff will
3  be afforded leave to amend.

**B.     California Civil Code Section 2920.7 (Second Cause of Action)**

Pursuant to § 2920.7, "[u]pon notification by someone claiming to be a successor in interest that a borrower has died, . . . a mortgage servicer shall not record a notice of default" until the mortgage servicer "[r]equests reasonable documentation" from the claimant establishing his or her status as a "successor in interest," and provides the claimant a "reasonable period of time" to present such documentation. See id. § 2920.7(a). The statute further provides that the mortgage servicer, within ten days of its "receipt" of the above-referenced documentation, "shall provide the successor in interest with information in writing about the loan." See id. § 2920.7(b)(1), (c).

Here, as discussed above, plaintiff has not adequately alleged that, prior to the mortgage servicer's recording of the notice of default, she advised the mortgage servicer that she is a successor in interest, or that she ever provided the above-referenced documentation to the mortgage servicer.

Accordingly, plaintiff's Second Cause of Action is subject to dismissal, and plaintiff will be afforded leave to amend.

**C.     California Civil Code Section 2923.7 (Third Cause of Action)**

Pursuant to § 2923.7, "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." See id. § 2923.5(a). As noted, plaintiff does not contend she qualifies as a "borrower" under HBOR, and, as discussed above, has failed to adequately allege she is a "successor in interest."

Additionally, even if plaintiff had alleged her standing to bring a claim under § 2923.7, she has failed to allege facts sufficient to show a violation thereof, as her allegations that she "[was] not provided with a single point of contact who had been given

5

1   the ability to actually help [her] with foreclosure alternatives" (see Compl. ¶ 48), and "was
2   never given a single point of contact that," inter alia, "had access to current information
3   and personnel sufficient to timely, accurately, and adequately inform the borrower of the
4   current status of the foreclosure prevention alternative" (see id. ¶ 49 (quoting five
5   statutory requirements)), are wholly lacking in factual support, and, consequently, are
6   ambiguous as well as conclusory.

   Accordingly, plaintiff's Third Cause of Action is subject to dismissal, and plaintiff
   will be afforded leave to amend.

   **D.    California Civil Code Section 2924.12 (Fourth Cause of Action)**

   California Civil Code § 2924.12 provides borrowers and successors in interest with injunctive relief and damages for "material violation[s]" of four sections of HBOR, including § 2923.5 and § 2923.7. See Cal. Civ. Code § 2924.12(a), (b) (providing "borrower" with "injunctive relief" and "damages" for "material violation"); see also id. § 2920.7(e)(1) (providing "successor in interest shall have all the same rights and remedies as a borrower under . . . [section] 2924.12). Here, plaintiff's § 2924.12 claim is based on defendants' asserted violations of § 2923.5 and § 2923.7. As discussed above, however, plaintiff has failed to state a violation under either such section; consequently, plaintiff's § 2924.12 claim likewise fails.[6]

   Accordingly, plaintiff's Fourth Cause of Action is subject to dismissal, and plaintiff will be afforded leave to amend.

   **E.    Breach of Contract (Fifth Cause of Action)**

   Under California law, to state a claim for breach of contract, a plaintiff must allege: "(1) [the] existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." See CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (Cal. Ct.

---

[6] In light of such finding, the Court does not reach herein defendants' additional argument that plaintiff has failed to allege a "material" violation.

1 App. 2008).

2 Here, plaintiff alleges the contract at issue is "[t]he Deed of Trust and any and all subsequent documents," and that defendants "breached the contract by refusing to honor the Deed of Trust[,] . . . by foreclosing on [the Property] despite Plaintiff's performance," and "by unilaterally amending the contract with unreasonable, impracticable and unconscionable terms." (See Compl. ¶¶ 57, 59-60.) Plaintiff has not, however, alleged she was a signatory to the Deed of Trust or any related documents (see id. Ex. C (Deed of Trust) (identifying "Ruben J. Simpson" and "Pauline J. Simpson" as "Borrowers")), nor has she provided any authority for her conclusory assertion that she "is a party to the Deed of Trust" by way of her status as a "subsequent record owner of [the Property]" (see Compl. ¶ 57; see also id. ¶ 18 (alleging plaintiff's interest in the Property as one of "Joint Tenants").)

Indeed, plaintiff's contention is directly at odds with the Deed of Trust. In particular, the Deed of Trust provides that "any Successor in Interest of Borrower[7] who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument" (see id. Ex. C ¶ 13), a provision that has been interpreted as precluding an individual who obtains title to a property from obtaining, absent approval by the lender, any rights or benefits under a deed of trust containing such language. See Green v. Cent. Mortg. Co., No. 14-CV-04281, 2015 WL 5157479, at *5 (N.D. Cal. Sept. 2, 2015) (holding, although plaintiff "received title to the [p]roperty," plaintiff was not "borrower" under deed of trust where plaintiff failed to allege she obtained lender's approval, as required by deed of trust) (collecting cases). Plaintiff does not allege she sought, let alone obtained, such approval.

To the extent plaintiff contends she is a "successor in interest" as defined in

---

[7] The Deed of Trust defines "Successor in Interest of Borrower" as "any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or [Deed of Trust]." (See id. Ex. C at 3.)

1 HBOR, and thereby is entitled to rights under the Deed of Trust and related documents, such argument likewise is unavailing. As discussed above, plaintiff has failed to adequately allege her status under HBOR. Moreover, even if she had done so, such status does not itself convey rights under a deed of trust; only the right to seek the lender's approval. See Cal. Civ. Code § 2920.7(d) (providing "mortgage servicer shall allow a successor in interest to . . . [a]pply to assume the deceased borrower's loan).

Lastly, even assuming plaintiff had alleged the existence of a contract to which she is a party, she has failed to identify the term(s) of the contract defendants allegedly breached.

Accordingly, plaintiff's Fifth Cause of Action is subject to dismissal, and plaintiff will be afforded leave to amend.

**F.    Breach of the Covenant of Good Faith and Fair Dealing (Sixth Cause of Action)**

Plaintiff's implied covenant claim is based on the same contract as her breach of contract claim, and, consequently, fails for the reasons set forth above. See Avidity Partners, LLC v. State, 221 Cal. App. 4th 1180, 1204 (Cal. Ct. App. 2013) (holding "the implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation").

Accordingly, plaintiff's Sixth Cause of Action is subject to dismissal, and plaintiff will be afforded leave to amend.

**G.    Negligence (Seventh Cause of Action)**

Under California law, to state a claim for negligence, a plaintiff must show: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." See Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 62 (Cal. Ct. App. 2013).

Plaintiff alleges, "on information and belief," that, "under the Deed of Trust, [d]efendants had a specific duty to notice [p]laintiff of the [d]efault and how to cure it, yet no such notice was communicated to [p]laintiff following the deaths of 'The Simpsons.'"

(See Compl. ¶ 73.) As discussed above, however, plaintiff has not alleged facts sufficient to show defendants owed her any duty under the Deed of Trust.

Moreover, even if plaintiff had alleged a contractual duty, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." See Butler-Rupp v. Lourdeaux, 134 Cal. App. 4th 1220, 1227 (Cal. Ct. App. 2005). Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." See Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991). The general rule applies to loan servicers and nominal beneficiaries. See Delk v. Ocwen Fin. Corp., No. 17-CV-02769, 2017 WL 3605219, at *11 (N.D. Cal. Aug. 21, 2017) (applying general rule to loan servicer); Pok v. Am. Home Mortg. Servicing, Inc., No. CIV 09-2385, 2010 WL 476674, at *3-4 (E.D. Cal. Feb. 3, 2010) (dismissing negligence claim; noting "[p]laintiffs cite no authority for the proposition that MERS owed a duty to not cause plaintiff harm in its capacity [as] the nominal beneficiary for the loan").

Here, plaintiff alleges that Ditech acted as a loan servicer and that MERS acted as a nominal beneficiary, and plaintiff has alleged no facts to show defendants exceeded those roles. Although plaintiff, in her opposition to the instant motion, contends defendants assumed a duty "by accepting a loan modification application" (see Opp. at 16:6-8), plaintiff does not allege she submitted an application, let alone any mishandling thereof.[8]

Accordingly, plaintiff's Seventh Cause of Action is subject to dismissal, and plaintiff will be afforded leave to amend.

//

---

[8] The Court makes no determination herein as to whether any such allegation would be sufficient to establish the existence of a duty.

9

**H.     Negligent Infliction of Emotional Distress (Eighth Cause of Action)**

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." See Ess v. Eskaton Properties, Inc., 97 Cal. App. 4th 120, 126 (Cal. Ct. App. 2002). As discussed above, plaintiff has failed to allege defendants owed her a duty of care, let alone the kind of duty the breach of which could support recovery for emotional distress resulting from purely economic loss. Cf. Erlich v. Menezes, 21 Cal. 4th 543, 554 (Cal. 1999) ("[A] preexisting contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff."). Moreover, as "[n]egligent infliction of emotional distress is not an independent tort," see Ess, 97 Cal. App. 4th at 126, this claim is duplicative of plaintiff's negligence claim.

Accordingly, plaintiff's Eighth Cause of Action is subject to dismissal without leave to amend.

**I.     Unfair Business Practices (Ninth Cause of Action)**

Plaintiff alleges defendants violated the UCL by engaging in "unfair, unlawful, and fraudulent business activities" (see Compl. ¶ 83 (citing Cal. Bus. & Prof. Code § 17200, et seq.)), in particular, by "refus[ing] to communicate" with plaintiff and subjecting her to "a musical chair game of changing servicers and trustees all without notice to plaintiff" (see id. ¶ 84).

At the outset, defendants contend plaintiff lacks standing under the UCL, which limits standing to specified public officials, as well as private persons "who ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." See Cal. Bus. & Prof. Code § 17204. Here, plaintiff alleges she "does not know the full extent of [her] damages," and "[w]hen [she] has ascertained more clearly the extent of her damages, she will seek amendment in order to allege them." (See Compl. ¶ 86.) Such allegations are wholly insufficient to establish her standing under the UCL. See Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1066 (E.D. Cal. 2010) (dismissing UCL

claim for lack of standing where plaintiff alleged he "suffered various damages and injuries according to proof at trial").

In any event, even if plaintiff had sufficiently alleged standing, her claim would fail, as it is derivative of her other Causes of Action (see Compl. ¶ 84 (alleging UCL claim based on "[t]he aforementioned acts" as alleged in preceding Causes of Action); Opp. at 17:27-18:1 (basing UCL claim on "depriv[ation] of the statutory protections afforded under" HBOR), all of which are subject to dismissal, see Pratap v. Wells Fargo Bank, N.A., 63 F. Supp. 3d 1101, 1111 (N.D. Cal. 2014) (dismissing derivative UCL claim; holding such claim "rise[s] and fall[s] with the substantive causes of action").

Accordingly, plaintiff's Ninth Cause of Action is subject to dismissal, and plaintiff will be afforded leave to amend.

**J.     Attorney's Fees (Tenth Cause of Action)**

Plaintiff brings her Tenth Cause of Action under California Civil Code § 2920.7, pursuant to which "[a] court may award a prevailing successor in interest reasonable attorney's fees and costs in an action brought pursuant to [such] section." See Cal. Civ. Code § 2920.7(4). As defendants argue, and plaintiff does not dispute, however, § 2920.7 does not establish an independent cause of action for attorney's fees.

Accordingly, plaintiff's Tenth Cause of Action is subject to dismissal without leave to amend.

**CONCLUSION**

For the reasons set forth above, defendants' motion is hereby GRANTED with leave to amend as set forth above.[9] Plaintiff's amended complaint, if any, shall be filed no later than July 13, 2018.

In light of the above, the Case Management Conference, currently set for July 27,

---

[9] For the first time in their reply, defendants point out that plaintiff's claims arise from the servicing of the loan, and that plaintiff, by treating defendants as a group, has failed to specify the conduct that establishes liability on the part of MERS as a nominal beneficiary. In any amended pleading, plaintiff must allege the specific conduct of each defendant as to whom she seeks a finding of liability.

2018, is hereby CONTINUED to October 12, 2018, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than October 5, 2018.

**IT IS SO ORDERED.**

Dated: June 21, 2018

MAXINE M. CHESNEY
United States District Judge